[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO VACATE ARBITRATION AWARD
Plaintiff files this application to vacate an arbitration award of March 16, 1993, the Award, for the following reasons: "[I]n that the Arbitrators improperly exceeded their powers, manifested an egregious or patently irrational application of the law or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made."
Facts
Plaintiff and defendant entered into a collective bargaining agreement (Agreement) covering the period November 20, 1989 — June 30, 1992.[1] On June 24, 1992 plaintiff fired a union member employee named William Hardy (Hardy). Plaintiff, for Hardy, appealed that firing. Arbitration was called for and hearings held on October 20, 1992 and December 10, 1992. The issue submitted was:
 Did the East Hartford Board of Education violate the collective bargaining agreement of the parties when it terminated the grievant?
If so, what shall the remedy be?
On March 16, 1993 the arbitrators issued the following award:
 Yes, the East Hartford Board of Education violated the collective bargaining agreement of the parties when it terminated the Grievant.
 The remedy shall be full reinstatement of the grievant with all back pay and associated benefits and seniority. CT Page 1314
Law
The only question presented is as to whether or not a "pretermination hearing" must be afforded a grievant in Hardy's position. No right to such a hearing is found in the Agreement and thus the court must make a preliminary determination as to whether that right is found in the Agreement by inference.
"An arbitrator is limited to determining an employee's rights under a collective bargaining agreement . . ." Tedesco v. Stamford, 24 Conn. 377, 379, rev'd. for other reasons. Tedesco v. Stamford, 222 Conn. 233.
This was a very restricted submission. Cf Garrity v. McCaskey, 223 Conn. 1, 4-6. This matter is much akin to Tedesco v. Stamford, 222 Conn. 233. There the court analyzed the grievance procedures available to the grievant in the collective bargaining agreement and found that "the grievance procedure in the . . . agreement satisfied plaintiff's right to procedural due process." id. 241. The Supreme Court held that the Appellate Court "did not properly determine that the union grievance process and decision of the [arbitrator] was `constitutionally deficient.'" id. 240-241.
In the present case the grievance procedure is found in Article III of the Agreement. It provides for a meeting with an "immediate supervisor", Article III Step 1; a meeting with the superintendent or his representative, Step 2; then Step 3 provides for arbitration of the grievance if necessary. This is at least as much procedural due process as was available to the grievant in Tedesco v. Stamford,222 Conn. 233.
At no time has anyone here filed a grievance in regard to a right to a "predetermination hearing." The Agreement specifically provides that grievances "must be processed" in accordance with the steps set forth in Article III. Article III, 3.2. In addition, Article III provides that, "Any grievance, as above defined, not presented in writing for disposition through the grievance procedure set forth above within ten (10) working days of the occurrence of the condition giving rise thereto, of within ten (10) working days of his knowledge of its occurrence, whichever comes later, shall not thereafter be considered a grievance under the agreement." Subsection 3.2. CT Page 1315
The definition of grievance is as follows:
 3.1 A grievance shall mean a complaint by an employee of the Union that rights under the specific language of this agreement have been violated, or that there has been a misinterpretation or misapplication of the specific provisions of this agreement. As used in this agreement, the term "employee" shall mean either (1) an individual employee or (2) a group of employees having the same grievance.
The "discipline against Grievant was justifiable", said the arbitrators. They then went on to say, "However, the issue has arisen as to whether or not the Grievant was provided a pretermination hearing as is required under our present legal standards." To consider this issue the arbitrators went on to find "the Board of Education failed to notify the Grievant adequately of his termination hearing.
The Grievant in this matter has a right to a termination hearing. Adequate notice is a procedural requirement that can not be overlooked when scheduling termination hearings."
There is nothing in the Agreement that gives the grievant "a right to a termination hearing" so that right must spring from the "present legal standards" of which the arbitrators speak, i.e. some constitutional right. That issue was decided against the defendant's position in Tedesco v. Stamford, 222 Conn. 233 which this court is bound to follow.
The application to vacate is granted.
N. O'Neill, J.